# KEENE

## v.

## CABELL.

(*Supreme Court of Appeals of Virginia, January, 1879.*)

[Virginia Law Journal, 1879, p. 50.]

**Decree for Sale of Land—Non-Payment of Part of Purchase Money —Injunction—Case at Bar.**

George C. Cabell, as special commissioner under a decree of the circuit court of Danville, in the case of Puryear, &c., *v.* Baptist, &c., sold certain real estate, and among other pieces, he sold eight unimproved lots near Danville to Mrs. E. B. Keene. She paid all of the purchase money except $2,362.50, and in default of this sum, the commissioner was directed to resell said lots. He thereupon advertised all eight of said lots for sale, for cash as to such sum as would pay the said sum of $2,362.50, and stated in the advertisement that reasonable credits would be given as to the residue of the purchase money. Shortly after the appearance of this advertisement, Mrs. Keene presented ·her bill for an injunction to restrain the said Cabell, commissioner, from selling these eight lots, on the terms of his advertisement, alleging, among other things, that "it would be an especial outrage and wrong upon your oratrix, because it would force her to part with the whole property, and let it pass into other hands at greatly less than its value, while a portion of the lots sold on reasonable terms, would pay all that there is now due on the purchase of said lots." Upon this bill an injunction was awarded, but was afterwards dissolved, without answer and without evidence. Upon an appeal to the supreme court of appeals: *held*:

**Same—Same—Same—Reference to Commissioner—Case at Bar.**

This was plainly an error. The circuit court ought not to have entered a decree for the sale of the whole of the lots, if it appeared that a portion only of them was necessary to pay the balance of the purchase money due, and whatever were the

terms of the decree in "Puryear *v.* Baptist," under which the sale was ordered; after the injunction was awarded, the circuit court, treating the bill of injunction as a petition in that case, ought either to have amended the decree in that case, and directed a sale of so many of the lots as it appeared might be necessary to pay the balance of the purchase money. Or, if it was uncertain what portion was necessary, have referred the matter to a commissioner, to ascertain and report what was necessary to be sold, and then decreed according to the report.

From the circuit court of the town of Danville.

The facts and points decided sufficiently appear in the headnotes.

*E. Barksdale, Jr.,* for the appellant.

*J. H. Carrington,* for the appellee.

CHRISTIAN, J., delivered the opinion of the court, in which the other judges concurred.

Decree reversed.